IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
ACIE LYONS,
                              *
    Plaintiff,
                              *
        v.                        CIVIL NO.: WDQ-08-2532
                              *
DR. JAMES B. PEAKE,
Secretary, Department of      *
Veterans Affairs
                              *
    Defendant.
                              *
```

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Acie Lyons sued Dr. James B. Peake, Secretary of the United States Department of Veterans Affairs, for violations of Title VII of the 1964 Civil Rights Act and Section 501 of the 1973 Rehabilitation Act.  Pending is Peake's motion to dismiss, or in the alternative, for summary judgment.  For the following reasons, the motion will be granted only on Lyon's claim of constructive discharge.

I.   Background

In 1994, Acie Lyons began working for the Department of Veterans Affairs ("the Department").  Compl. ¶ 5.  In September 2003, Lyons became a sewing machine operator for the Department. Id. ¶ 6.  He claims that he injured himself while performing duties outside the scope of his job description and in violation of his doctor's orders.  *Id.* at ¶¶ 6-8.

1

Lyons gave the Department his medical records, which documented weakness in his right arm and a 30 percent disability rating.  *Id.* at ¶ 9.  Lyons's complaint states that his supervisor, Jerry Diggs, Chief of Environmental Management, refused to accept Lyons's medical records and assigned Lyons tasks that required heavy lifting, in violation of Lyons's doctor's orders.  *Id.* at ¶¶ 10, 11.  Lyons injured his back while performing these duties.  *Id.* at ¶ 15.  Lyons applied for, and was denied, workers' compensation.  *Id.* at ¶¶ 17, 19.

After he injured his back, Lyons was assigned to a "light duty" position and completed all tasks assigned to him.  *Id.* at ¶¶ 18, 22.  In December, 2003, Diggs refused to (1) accommodate Lyons's disability or (2) review medical records provided by Lyons's doctor.  Id. at ¶¶ 20, 21 26.  Lyons filed an E.E.O.C. complaint, which was remanded to the Workers Compensation Board.  *Id.* at ¶¶ 27-30.  The Workers Compensation Board granted Lyons's request for disability benefits and placed Lyons in another "light duty position."  *Id.* at ¶¶ 31-32.

In November 2004, Lyons was reassigned to a vacant, funded, full-time office assistant position.  *Id.* at ¶¶ 33-36.  In July, 2005, Lyons was removed from the office assistant position, despite excellent performance evaluations.  *Id.* at ¶¶ 45, 52.  Lyons provided his medical records to the Department and requested accommodations for his disabilities, but was refused.

*Id.* at ¶ 46.

On May 5, 2006, the Department proposed to remove Lyons, contending that he had been unable to work on a regular schedule since June 2005, and was unable to perform his duties. *Id.* at ¶¶ 55-57.  It is disputed whether Lyons was able to perform the duties of a sewing machine operator and office assistant with reasonable accommodations. *Id.* at ¶ 58; Def. Mot. at 12.  On August 11, 2006, Lyons was terminated from the Department. *Id.* at ¶ 62.

On September 29, 2008, Lyons filed this suit, alleging a hostile work environment, discrimination, retaliation, illegal discharge, and failure to accommodate under the 1973 Rehabilitation Act and Title VII of the 1964 Civil Rights Act. On February 13, 2009, Peake moved to dismiss the complaint, or in the alternative, for summary judgment.

II.  Analysis

  A.   Motion to Dismiss

    1.   Standard of Review

Under Rule 12(b)(6) an action may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need not contain detailed factual allegations, but there must be facts sufficient to create a "reasonable expectation that discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic Corp. V. Twombly*,

3

127 S. Ct. 1955, 1965 (2007).

The court "should view the complaint in a light most favorable to the plaintiff" and "accept as true all well-pleaded allegations." *Mylan Labs., Inc. V. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents. *See Biospherics*, *Inc. V. Forbes, Inc., 989 F. Supp. 748, 749* (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id.*

The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir., 2006).  In deciding a Rule 12(b)(6) motion, the court bears in mind that FRCP 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

2.   Analysis

a.   Hostile Work Environment

To succeed on a hostile work environment claim, Lyons must prove that the offending conduct (1) was unwelcome, (2) was based on his disability, (3) was sufficiently severe or pervasive to

alter the conditions of his employment and create an abusive work environment, and (4) was imputable to the Department.  *Fox v. General Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001); *see Ocheltree v. Scollon Productions, Inc.*, 335 F.3d 325 (4th Cir. 2003); *Spencer v. Aschroft*, 147 Fed. Appx. 373, *2 (4th Cir. Sept. 21, 2005) (Rehabilitation Act claims are analyzed like Title VII claims).

To succeed on a hostile work environment claim, Lyons must demonstrate that a reasonable person would perceive his workplace environment as hostile. *Fox*, 247 F.3d at 177.  When considering whether the conduct was sufficiently severe or pervasive, the Court examines: (1) the frequency and severity of the conduct; (2) whether the conduct was physically threatening or humiliating or a merely offensive utterance; and (3) whether the conduct unreasonably interfered with Lyons's work performance.  *Id.* at 178.

Lyons's complaint states that(1) he is disabled and (2) the Department created, perpetuated, and allowed him to endure an objectively severe or pervasive hostile work environment that was (3) based on Lyons's disability.  Compl. ¶¶ 63-82.  Peake contends that Lyons has failed to allege a general pattern of harassment.

The Rehabilitation Act "expressly incorporates the standards of the Americans with Disabilities Act (ADA).  The ADA, in turn,

5

follows the "powers, remedies and procedures" of Title VII of the
Civil Rights Act of 1964, as amended. *Spencer*, 147 Fed. Appx.
at *2. Title VII plaintiffs do not face a heightened pleading
standard and need not state a *prima facie* case of discrimination
in their complaint. *Jarvis v. Astrue,* No. CCB-05-2950, 2007 WL
2332694, *10 (D. Md. July 31, 2007); *Swierkiewicz v. Sorema N.A.*,
534 U.S. 506, 511 (2002) (the ordinary rules for assessing the
sufficiency of a complaint apply to Title VII cases). Lyons has
stated a claim of hostile work environment, and Peake's motion to
dismiss this count will be denied.

b.   Discrimination Based on Disability

The Rehabilitation Act prohibits the federal government from
discriminating against its employees on the basis of disability
and requires the government to accommodate handicapped employees
when doing so would not cause undue hardship. *Nanette v. Snow*,
343 F.Supp.2d 465, 472 (D. Md. 2004) (*citing* 29 C.F.R. §
1614.203; *Barth v. Gelb*, 2 F.3d 1180, 1183 (D.C. Cir. 1993)).

The Act protects people with disabilities "who, with or
without reasonable accommodation, can perform the essential
functions of the employment position" they hold or seek. 42
U.S.C. § 12111(8). A disabled person (a) has a physical or
mental impairment that substantially limits one or more major
life activity or a record of such an impairment, or (b) is
regarded as having an impairment. *Toyota Motor Mfg. Inc. v.*

6

*Williams*, 534 U.S. 184, 197 (2002).

To succeed on his claim of disability discrimination under the Rehabilitation Act, Lyons must demonstrate that he: (1) has a disability; and (2) is otherwise qualified for employment or a benefit (3) from which he was excluded solely on the basis of disability. *Snow*, 343 F.Supp.2d at 472 (*citing Doe v. Univ. of Maryland Medical Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995) (citations omitted)).  Lyons is "otherwise qualified" if, with or without reasonable accommodation, he can perform the essential functions of the employment position he holds or seeks. *Snow*, 3434 F.Supp.2d at 472 (*citing* 42 U.S.C. § 12112(a)).

Lyons's complaint states that he: (1) became disabled after injuring his right arm and back while employed by the Department, Compl. ¶¶ 7, 15; (2) is able to perform the functions of a sewing machine operator and office assistant, *id.* at ¶¶ 38, 54; and (3) the Department refused to allow him to keep those jobs because of his disability. *Id.* at ¶ 84.  Lyons has stated a claim of discrimination under the Rehabilitation Act.

c.   Failure to Accommodate

To succeed on his claim of failure to accommodate under the Rehabilitation Act, Lyons must prove that: (1) he is a disabled and qualified employee; (2) he reported his disability to the Department; (3) he requested reasonable accommodations; and (4) the Department denied his request. *See Rhoads v. FDIC*, 257 F.3d

7

373, 387 n.11 (4th Cir. 2001) (*citing Haulbrook v. Michelin North America, Inc*., 252 F.3d 696, 702 (4th Cir. 2001)).

Lyons's complaint states that he: (1) became disabled after injuring his right arm and back while employed by the Department, Compl. ¶¶ 7, 15; (2) reported his disability to his supervisors, *id.* at ¶¶ 9, 26; (3) requested reasonable accommodations, *id.* at ¶ 46; and (4) the Department denied his request.  *Id.* at ¶ 50. Lyons has stated a failure to accommodate claim under the Rehabilitation Act.

### d.   Retaliation

To succeed on a claim of retaliation under the Rehabilitation Act, Lyons must demonstrate that: (1) he engaged in a protected activity and (2) later suffered an adverse action by the Department; and (3) there was a causal connection between the protected activity and the adverse action.  *Holland v. Washington Homes, Inc*., 487 F.3d 208, 218 (4th Cir. 2007) (*citing Beall v. Abbott Labs*., 130 F.3d 614, 619 (4th Cir. 1997)).

Lyons's complaint states that: (1) he told the EEOC about the Department's disability discrimination, Compl. ¶ 18; (2) the Department subsequently refused to provide him with reasonable accommodations and later removed him; *Id.* at ¶¶ 118, 142; and (3) there was a causal connection between Lyons's protected action and the Department's adverse actions.  *Id.* at ¶ 140.  Lyons has stated a claim of retaliation.

e.   Actual and Constructive Discharge

Peake contends that Lyons's claim of actual and constructive discharge must be dismissed because: (1) he did not quit his job; and (2) he has failed to exhaust his administrative remedies. Def. Mot. at 15.

1.   Constructive Discharge

Constructive discharge occurs when "an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Johnson v. Sullivan*, 764 F.Supp. 1053, 1067 (D. Md. 1991) (*citing Holsey v. Armour & Co.*, 743 F.2d 199, 209 (4th Cir. 1984), *cert. denied*, 470 U.S. 1028, (1985)). "Deliberateness can be demonstrated by actual evidence of intent by the employer to drive the employee from the job, or circumstantial evidence of such intent, including a series of actions that single out a plaintiff for differential treatment." *Johnson v. Shalala*, 991 F.2d 126, 131 (4th Cir. 1993) (*citing EEOC v. Clay Printing Co.*, 955 F.2d 936, 944-46 (4th Cir. 1992)).

To state a claim of constructive discharge, Lyons's complaint must state that the Department's actions were deliberate and created intolerable working conditions. *Sullivan*, 764 F.Supp. at 1067.

Because Lyons was terminated by the Department and did not resign, his constructive discharge claim must be dismissed. *Sullivan*, 764 F.Supp. at 1067.

9

                    2.   Exhaustion of Administrative
                         Remedies

     Like a Title VII plaintiff, Lyons was required to exhaust

his administrative remedies before filing this suit.  *Spencer*,

147 Fed. Appx. at *2.

      "Only those discrimination claims stated in the initial

[administrative] charge, those reasonably related to the original

complaint, and those developed by reasonable investigation of the

original complaint" may be maintained in a subsequent suit under

the Rehabilitation Act.  *See Evans v. Technologies Applications &

Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996) (internal

citations omitted); *see Chacko v. Patuxent Inst.*, 429 F.3d 505,

509 (4th Cir. 2005)  (Title VII claims beyond the EEOC charge and

charges naturally arisen from an investigation thereof are

procedurally barred.)(*citing Dennis v. County of Fairfax*, 55 F.3d

151, 156 (4th Cir. 1995)).

     A claim is barred if it encompasses discrimination not

alleged in the administrative charge.  *Id.*  "The EEOC charge and

the complaint must, at minimum, describe the same conduct and

implicate the same individuals." *Kersting v. Walmart Stores,

Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001).

     Lyons's  EEOC charge did not include the words "actual

discharge."  Def. Mot. Exs. A-1, A-2, A-7; Paper No. 20.  Lyons's

complaint however, states that he was removed in violation of the

Rehabilitation Act.  Compl. ¶¶ 150-66.  Accordingly, Lyons's

                              10

claim of actual discharge is not barred.  *Id.;* Compl. ¶¶ 151,
153, 165; Def. Mot. Exs. A-1, A-2, A-7; Paper No. 20.

      B.   Summary Judgment

        1.   Standard of Review

Under Rule 56(c), summary judgment is appropriate when there
is no genuine issue of material fact, and the moving party is
entitled to judgment as a matter of law.  *Celotex Corp. v.
Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material
fact is genuine "if the evidence is such that a reasonable jury
could return a verdict for the nonmoving party."  *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the facts and reasonable inferences
drawn therefrom "in the light most favorable to the party
opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith
Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v.
Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The
opposing party, however, must produce evidence upon which a
reasonable factfinder could rely.  *Celotex*, 477 U.S. at 324.  A
mere "scintilla" of evidence is insufficient to preclude summary
judgment.  *Anderson*, 477 U.S. at 252.

        2.   Analysis

Peake seeks summary judgment on Lyons's claims and contends
that Lyons's failure to maintain a regular work schedule
justified the Department's adverse actions against him.  Def.

Mot. 6-8 (*citing Gartner v. Dept. of the Army*, 104 M.S.P.R. 463, 468 (2007); *Marhsall-Carter v. U.S. Dept. of Veterans Affairs*, 94 M.S.P.R. 518, 522 (2003); *Combs v. Social Security Admin.*, 91 M.S.P.R. 148, 153 (2002)).  Peake contends that the Department's decisions to terminate Lyons's disability benefits and remove him were administratively correct and require summary judgment for the Department.  *Id.*

"Federal anti-discrimination statutes embody a strong presumption in favor of judicial resolution of disputed questions of fact. Prior administrative findings, whatever result may be reached, are ordinarily not entitled to preclusive effect in a subsequent discrimination suit, even though the same facts are in dispute." *Sullivan*, 764 F. Supp. at 1064.

Although Lyons's failure to maintain a regular work schedule may be a legitimate, nondiscriminatory reason for the Department's actions, *see Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000), the administrative record suggests that discovery may produce evidence of discrimination, retaliation, and pretext.  *See* Compl.; Def. Mot. Ex. B-1; *Luy v. Baltimore Police Dept.*, 326 F. Supp. 2d 682, 688-89 (D. Md. 2004) (*citing Bass v. E.I. Dupont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)) (Rehabilitation Act plaintiffs need not plead prima facie cases of discrimination or retaliation in their complaints). Because discovery has not begun, summary judgment

12

would be premature.

III. Conclusion

  For the reasons stated above, Peake's motion to dismiss will

be granted on Lyons's claim of constructive discharge, but will

be denied otherwise.


August 10, 2009       _____/s/_____
Date             William D. Quarles, Jr.
               United States District Judge